Charles v. Garland

BIA
Straus, IJ
A074 917 669

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LEO FELIX CHARLES,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

18-3099
NAC

_____

FOR PETITIONER: Dalia H. Fuleihan, Immigrant Justice Corps Fellow, New Haven Legal Assistance Association, New Haven, CT.

_____

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant
                        Attorney General; Anthony P.
                        Nicastro, Assistant Director;
                        Ilana J. Snyder, Trial Attorney,
                        Office of Immigration Litigation,
                        U.S. Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Leo Felix Charles, a native and citizen of Haiti, seeks review of a decision of the BIA affirming an Immigration Judge's ("IJ") denial of deferral of removal under the Convention Against Torture ("CAT") following the reopening of proceedings and termination of a prior grant of CAT relief. *See In re Leo Felix Charles,* No. A 074 917 669 (B.I.A. Oct. 3, 2018), *aff'g* No. A 074 917 669 (Immig. Ct. Hartford Feb. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). An applicant for CAT deferral must "establish that it is more likely than not that he . . . would be tortured

2

if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–93 (2020).

The agency concluded that Charles's fear of torture based on his status as a criminal deportee with health issues was too speculative to warrant relief. That conclusion is supported by substantial evidence before the agency reflecting that criminal deportees are no longer subject to mandatory detention upon arrival in Haiti. Further, the absence of medical care does not reflect a specific intent to torture. *See Pierre v. Gonzales,* 502 F.3d 109, 116–19 (2d Cir. 2007).

Moreover, the agency also reasonably concluded that Charles had not shown he would more likely than not be

3

tortured because of his cooperation with law enforcement in a murder investigation that involved a Haitian drug-trafficker with connections in Haiti. Charles failed to corroborate his claim that the Haitian drug-trafficker had connections to the Haitian government, and the agency was not required to defer to Charles's testimony. Contrary to Charles's arguments, the agency was not required to make a credibility determination. The statute accounts for cases in which the IJ does not make such a determination by providing for "a rebuttable presumption of credibility on appeal." 8 U.S.C. § 1229a(c)(4)(C). And the agency may weigh testimony with other evidence and consider whether the applicant has demonstrated "facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof." *Id.* § 1229a(c)(4)(B), (C). We generally defer to the agency's weighing of evidence. *See Y.C. v. Holder,* 741 F.3d 324, 332 (2d Cir. 2013).

Given that Charles has not had contact with this drug-trafficker in almost two decades, the trafficker will remain incarcerated in the United States until 2027, and there is no objective record evidence that the trafficker, or anyone to

4

whom he is related, is involved in the Haitian government and has the intent and ability to torture Charles, the agency reasonably found Charles had not met his burden of proving that he would more likely than not be tortured at the trafficker's behest by or with the acquiescence of the Haitian government. *See Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires . . . that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

Finally, Charles argues that the IJ violated due process by overlooking evidence that supports his claims. However, he relies on evidence that was not presented to the agency, contending that IJ should have found and presented this evidence as part of his duty to develop the record. Although "the IJ has an affirmative obligation to help establish and develop the record," in proceedings involving pro se aliens, *Secaida-Rosales v. INS,* 331 F.3d 297, 306 (2d Cir. 2003), the IJ is not required to introduce evidence favorable to either

5

party, *see* 8 U.S.C. § 1229a(b)(1) (listing IJ's authority to "receive evidence, and interrogate, examine, and cross-examine" and that the IJ "may issue subpoenas for the attendance of witnesses and presentation of evidence"). Moreover, the IJ considered the recent State Department reports in the record. *Cf. Qun Yang v. McElroy*, 277 F.3d 158, 162–64 (2d Cir. 2002) (remanding for consideration of current country conditions given delay between IJ's and BIA's decision). Accordingly, Charles has not shown that he "was denied a full and fair opportunity to present" his claim. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6